UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                            Case No. 08-11377-DHW
                                                 Chapter 13
MYRON K. COLQUETT
CINDY P. COLQUETT,

           Debtors.

MEMORANDUM OPINION

The debtors filed an objection to Claim #10 of Crew Distributing Company, Inc. ("Crew Distributing"). The debtors assert that the claim is owed by Colquett Oil Company, Inc. ("Colquett Oil") and not by the debtors individually. Crew Distributing desires to establish liability in the debtors by piercing the corporate veil. The question is where that issue should be tried. For the reasons that follow, the issue will be tried in the bankruptcy court.

Undisputed Facts

The court is not aware of any dispute of the following facts. Crew Distributing filed an action against the debtors and Colquett Oil in the Circuit Court of Covington County on September 28, 2007. The complaint alleges breach of contract, fraud, and misrepresentation. The parties completed discovery, and a jury trial was scheduled September 22, 2008.

On August 29, 2008, about three weeks prior to trial, the debtors filed a chapter 13 petition. Crew Distributing filed a proof of claim on January 5, 2009 in the amount of $225,256.50. Crew Distributing also filed an objection to confirmation of the proposed chapter 13 plan, which makes no provision for its claim.

One or both of the debtors have an ownership interest in Colquett Oil, a petroleum and oil products distributor that sold primarily on a

wholesale basis to small convenient store operators, gasoline stations, and other retail outlets. In order to supply its customers, Colquett Oil purchased bulk petroleum products from various suppliers, including Crew Distributing. The claim arises from these purchases. Colquett Oil is no longer in business.

The debtor filed the instant objection to the proof of claim of Crew Distributing, stating that the debt was incurred by Colquett Oil and that they did not guarantee the debt of Colquett Oil. The creditor desires to pierce the corporate veil of Colquett Oil and establish liability in the debtors. The parties dispute whether the bankruptcy court or the state court is the better forum to determine that issue.

Because confirmation of the plan may be affected by the resolution of the claim of Crew Distributing, the hearing on confirmation of the plan has been continued pending resolution of the debtor's objection.

Conclusions of Law

"The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(3).

A core proceeding "involves a right created by the federal bankruptcy law" or is one that would arise only in bankruptcy." *Id.* (citing *Nat'l Bank v. Sanchez (In re Toledo)*, 170 F.3d 1349, 1348 (11th Cir. 1999). The Bankruptcy Code contains a non-exhaustive list of core proceedings. *See* 28 U.S.C. § 157(b)(2)(A)-(P).

The allowance or disallowance of a claim against the estate is enumerated in the list of core proceedings. *See* 28 U.S.C. § 157(b)(2)(B). This is consistent with 11 U.S.C. § 502(b) which requires the bankruptcy

2

court, upon objection to a proof of claim, to "determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition."

The debtors assert that the objection to the proof of claim is a core proceeding not only because the Code expressly recognizes it as such, but also because this particular objection also concerns administration of the estate and confirmation of the plan. *See* 28 U.S.C. § 157 (b)(2)(A) and (L). If the claim is allowed as filed, the plan as proposed will not be feasible.

Crew Distributing contends, however, that this is a non-core proceeding. In brief, Crew Distributing cites to a number of cases which allegedly "stand for the proposition that issues relating to piercing the corporate veil are considered non-core proceedings." Brief of Crew Distributing, Doc. #31, p. 5.[1]

However, none of the cases cited involve a claim against the estate, which is the critical factor rendering allowance or disallowance of the claim of Crew a core proceeding. In addition, "[p]iercing the corporate veil is not itself an independent . . . cause of action, 'but rather is a means of imposing liability on an underlying cause of action.'" *Peacock v. Thomas*, 516 U.S. 349, 354, 116 S. Ct. 862 (1996). Therefore, it is the nature of the underlying claim, not the veil-piercing claim, that determines whether a proceeding is core or non-core.

The court concludes that the allowance or disallowance of the claim of Crew Distributing is a core proceeding. The court has jurisdiction, therefore, to enter a final order or judgment. 28 U.S.C. § 157(b)(1).

---

[1] The brief cites to the following cases: *In re Baranello & Sons*, 149 B.R. 19 (Bankr. E.D.N.Y. 1992); *Davis v. Merve Griffin*, 128 B.R. 78 (D.N.J. 1991); *In re Systems Engineering & Energy Management*, 252 B.R. 635 (Bankr. E.D. Va. 2000); *In re Julien Co.*, 120 B.R. 930, 936 (Bankr. W.D. Tenn. 1990); *In re Lee Way Holding Co.*, 105 B.R. 404, 411 (Bankr. S.D. Ohio 1989). Brief of Crew Distributing, Doc. #31, p. 5.

However, a bankruptcy court may abstain from hearing a particular proceeding over which it has jurisdiction. Permissive abstention is authorized under 28 U.S.C. § 1334(c)(1). That section provides:

> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). The District Court for this district has identified the following twelve nonexclusive factors to consider in determining whether abstention is warranted:[2]

> (1) the effect on the efficient administration of the bankruptcy estate; (2) whether state law issues predominate over the bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts; (5) the jurisdictional basis, if any, other than § 1334; (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to jury trial; and (12) the presence in the proceeding of non-debtor parties.

---

[2] *See Retirement Systems of Alabama v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1267-68 (M.D. Ala. 2002).

*Alexander v. Cintas Corporation (In re Terry Manufacturing Co.)*, 324 B.R. 147, 154 (Bankr. M.D. Ala. 2005) (citing *Retirement Systems of Alabama v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257 (M.D. Ala. 2002)).

The first factor, the effect on the efficient administration of the bankruptcy estate, weighs heavily in favor of bankruptcy court jurisdiction. Adjudication of the legitimacy of the underlying claim is necessary to consider confirmation of the plan. The confirmation hearing has been continued until August 2009 to resolve the claim issue. Until confirmation is held, payments will not commence to unsecured creditors. In addition, if the claim is allowed, it will render the proposed plan infeasible and could impact the debtors' ability to propose a confirmable plan. There is a critical need for an expeditious resolution to the proof of claim, which the bankruptcy court can provide.

Although state law issues predominate in the objection to the claim, the issues raised do not present difficult or unsettled aspects of state law. The court is not aware of any other related proceedings, either in state or federal court. Although there is no other jurisdictional basis than § 1334 for this claim objection, the objection bears a high degree of relatedness to the proceedings in the main bankruptcy case – indeed, this matter is a contested matter within the main bankruptcy case itself.

This matter is, by the express provisions of the Code, a core proceeding. It is not feasible to separate the "piercing-of-the-veil" portion of this matter from allowance or disallowance of the underlying claim itself, and resolution of the claim will not present a burden to the bankruptcy court.

There is no evidence that the filing of the objection to the claim represents forum shopping. Indeed, the objection was filed merely as a response to the claim filed by Crew Distributing. Objecting to a claim is germane to the bankruptcy process. In addition, it appears that the debtors have legitimately sought bankruptcy relief. They have proposed a plan to address the repayment of their individual debts through chapter 13.

A jury trial has been requested in the state court; however, the district court and the bankruptcy court, under appropriate circumstances, may hear jury trials. There are no non-debtor parties that would deprive this court of jurisdiction.

Upon consideration of the above factors, the court concludes that permissive abstention is not warranted.

## Conclusion

For the reasons stated above, the court concludes that the objection to the claim of Crew Distributing is a core matter. The court declines to exercise its discretion to abstain from hearing the objection. An order consonant with this memorandum will enter separately.

Done this 7th day of May, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
C. H. Espy, Jr., Attorney for Debtors
Charles N. Parnell, III, Attorney for Crew Distributing
Curtis C. Reding, Trustee